[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15087
Non-Argument Calendar

_____

D. C. Docket No. 05-00086-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RENDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2006)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Rendon pleaded guilty to possessing with intent to distribute five

kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii); and conspiring to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Rendon appeals his sentence of 168 months imprisonment. He contends that the district court clearly erred in denying him a minor role reduction pursuant to U.S.S.G. § 3B1.2. He also argues that his sentence is unreasonable under 18 U.S.C. § 3553(a) because the court declined to apply that mitigating role reduction.

I.

According to U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. The defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

In determining whether a minor role adjustment applies, the district court

follows a two-step inquiry. First, the district court must examine the defendant's role in the relevant conduct for which he has been held accountable at sentencing. Id. at 940. The defendant is entitled to a downward adjustment for a minor role in the offense "[o]nly if [he] can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy." Id. at 944. In many cases, the court's analysis under this first step will be dispositive. Id. at 945.

In the second step, the court must compare the defendant's role to that of the other participants in his relevant conduct. Id. at 940. The court may look to other participants "only to the extent that they are identifiable or discernable from the evidence" and "were involved in the relevant conduct attributed to the defendant." Id. at 944.

The district court's determination of a defendant's role in the offense is a finding of fact which we review for clear error." Id. at 937. Upon careful review of the record, the presentence report, the sentencing transcript, and the parties' briefs, we find no reversible error. The record in this case supports the district court's finding that Rendon's role in the relevant conduct was not minor.

Rendon argued that his role was minor because he did not own the drugs and he was only a small part of a much larger conspiracy extending beyond the crew on

3

his boat. At sentencing, however, Rendon was only held accountable for the drugs that were on his boat. His allegations do not establish that he played a minor role in the conduct for which he was held accountable, but rather tend to show that Rendon may not have been a major participant in a larger drug conspiracy. That alone is insufficient to support a minor role adjustment. See id. at 944. Rendon was the captain of the boat which was transporting the entire quantity of drugs for which he was held accountable. He failed to establish that he played "a relatively minor role" in that conduct. See id.

Rendon also did not establish that he played a minor role as compared to other participants in his relevant conduct. Rendon's role may only be compared to the identifiable and ascertainable participants involved in his relevant conduct. Here, the only ascertainable and identifiable people involved are those who were on the boat with Rendon. Because Rendon was the captain of the boat, the district court did not clearly err in finding that he did not play a minor role compared to the others under the second De Varon prong. The district court's decision not to apply the minor role reduction was not clearly erroneous.

## II.

Rendon also contends that the district court imposed an unreasonable sentence. The sole basis for that contention is his belief that the court erred in

4

denying him a minor role reduction. Because the district court did not err in denying Rendon a minor role reduction, that action could not have rendered his sentence unreasonable.

**AFFIRMED.**